USCA1 Opinion

 

 September 15, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2208 ROGER DIONNE and WILLIAM HAYDEN, Plaintiffs, Appellees, v. GROUND ROUND, INC., Defendant, Appellee. __________ ALAN BASCH, ROBERT EISENBERG, JEFFREY EYMER, SHANO EZELL, JOSEPH McKENDRY, JAMES RILEY and DIANA KURTZ, Intervenors, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Jonathan J. Margolis with whom Sara Fleschner and Kushner & ______________________ _______________ __________ Sanders were on briefs for intervenors-appellants. _______ Edward P. Leibensperger with whom Ronald M. Jacobs and Nutter, ________________________ ________________ ______ McClennen & Fish were on brief for defendant-appellee. ________________ ____________________ ____________________ Per Curiam. Appellants are seven former employees of __________ The Ground Round, Inc. Appellants, and four other former employees, sought to intervene as plaintiffs in an age discrimination suit brought against Ground Round by yet two more former employees, Roger Dionne and William Hayden. The district court denied intervention. On appeal the seven reassert their claim that they were entitled to intervention as of right or permissively. See Fed. R. Civ. P. 24(a)(2), ___ 24(b)(2). We affirm summarily, substantially for the reasons stated by the district court in its order of August 31, 1994. This is a typical instance of plaintiffs with generally similar or parallel claims against a single defendant. There is a common legal framework, potentially one important common issue of fact (here, concerning company-wide discrimination), and a host of individual issues peculiar to each plaintiff involving his or her job performance and damages. This is simply not the kind of case in which Rule 24(a)(2) provides for intervention as of right. See 7C C. Wright, A. Miller & ___ M. Kane, Federal Practice and Procedure 1908, at 305-12 (2d ______________________________ ed. 1986), and cases there cited. Instead the case is a classic example of one in which intervention "may be permitted," in the district court's sound discretion, because plaintiff and intervenor potentially have questions of law and/or fact "in common." Fed. R. Civ. P. 24(b). Here, the district court -2- -2- preliminarily found that the supposed common issue of fact rested on little evidence; the court also found that individual issues substantially predominated. This judgment was assuredly not an abuse of discretion. Affirmed. ________ -3- -3-